## POCANTICO WATER-WORKS CO. v. BROMBACHER et al.

*(Supreme Court, General Term, Second Department.   February 8, 1892.)*

1. WATER COMPANIES—ACQUISITION OF RIPARIAN RIGHTS—INSOLVENCY OF COMPANY.

In a proceeding by a water company to acquire riparian rights in a river, the court properly excluded evidence as to the insolvency of the company, the law having provided a sure and sufficient remedy for proprietors before their lands could be taken.

2. SAME—SUFFICIENCY OF MAP.

In such case, Laws 1876, c. 415, provides that before taking the lands the company shall cause a map to be made, showing "the lands intended to be taken or entered upon" for its purposes. *Held* unnecessary that the map should show the location of the company's works.

Appeal from special term, Westchester county.

Petition by the Pocantico Water-Works Company to acquire riparian rights in the Pocantico river, in Westchester county, under Laws N. Y. 1876, c. 415, which provides, among other things, that "before entering upon, taking, or using any land for the purposes of the above-recited act, the said company shall cause a survey and map to be made of the lands intended to be taken or entered upon for any of the purposes of the said act, by and on which the lands of each owner or occupant shall be designated," etc.   From a decree confirming the report of commissioners appointed to ascertain the compensation to be made to proprietors, Jacob Brombacher's Sons appeal, and assign as error, among other things, the insufficiency of the map to show the nature and location of petitioner's works, but principally the exclusion of evidence tending to show the insolvency of petitioner.   Affirmed.

Argued before DYKMAN and PRATT, JJ.

*Masten & Nichols,* for appellants.   *E. T. Lovatt,* for respondent.

PRATT, J.   From a careful consideration of all the facts we are satisfied the orders made herein must be affirmed.

And, first, as to the appointing commissioners:   The petition was proper in form and substance, and no error was made upon the trial of the issues of fact.   The solvency or insolvency of the petitioner was not in issue, and the evidence on that subject was properly excluded.   The law provided a sure, sufficient, and safe remedy for the defendants before their property could be

taken, or their rights invaded. The evidence offered by them as to whether the petitioner had a bank-account, or whether all its stock had been taken or its capital increased, was immaterial to the questions to be decided, and was properly ruled out.

As to the objections to the conformations: First, we are unable to see that the petition is vague, ambiguous, or uncertain, either in its allegations or prayer for relief. On the other hand, it seems clear, specific, and unequivocal, and the report follows the allegations and the proofs. Neither can we perceive wherein the maps filed did not comply with the statute. The object of the maps was to indicate the lands to be taken, and in that respect they conformed to the requirements of the statute. Both orders affirmed, with costs.